UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>HOWARD MISLE, et al.,<br><br>    Defendants. | Case No. 16-cv-03614-JSW (SK)<br><br>**REPORT AND RECOMMENDATION REGARDING JOINT DISCOVERY LETTER BRIEF**<br><br>Regarding Docket No. 52 |

At issue is a joint letter brief disputing the time for the commencement and scope of discovery. (Dkt. 52.) The issue was referred to the undersigned magistrate judge for a determination and/or report and recommendation. (Dkt. 54.) After consideration of the parties' papers, relevant legal authority and the record in the case, the Court finds that the issue is suitable for recommendation without oral argument. Civil L.R. 7-1(b). The Court RECOMMENDS that the request to stay discovery be DENIED but that the scope of discovery will be limited to the parties' priorities of entitlement to the escrow funds, as set forth below.

## BACKGROUND

In 2011, Defendant Howard Misle ("Misle") and Defendant Schnitzer Steel Industries, Inc. ("Schnitzer") entered into an Asset Purchase Agreement ("APA") in which Schnitzer agreed to purchase "substantially all of the assets of several corporations either owned by Misle as the sole shareholder or owned by Misle as the sole shareholder through a licensing corporation." (Dkt. No. 1-1 (Complaint) ¶ 14.)

Pursuant to the APA, an escrow account was formed, and a portion of the purchase price ("Remaining Purchase Price") was deposited into an account with Wells Fargo (the "Escrow

1   Account"). (*Id.*, ¶ 15.) Misle and Schnitzer executed an Escrow Agreement on April 20, 2011,
2   which set forth the terms of the escrow and the circumstances under which the Remaining
3   Purchase Price was to be distributed. (*Id.*, ¶ 15., Ex. A (Escrow Agreement).) Misle and
4   Schnitzer agreed that the Remaining Purchase Price was to be distributed in three "tranches" – the
5   first and second of which were distributed without incident. (*Id.*, ¶ 16.)

6   The Escrow Agreement provides that Schnitzer may submit a written claim to Wells Fargo
7   to obtain reimbursement for certain items of indemnification. (*Id.*, ¶ 17.) On August 27, 2015,
8   Schnitzer served a claim certificate on Misle and asserted $524,842.80 in indemnity claims. Misle
9   served objections on Schnitzer and Wells Fargo, and Wells Fargo then held the funds subject to
10  the dispute between Misle and Schnitzer. (*Id.*, ¶¶ 18-19.) That dispute, *Misle v. Schnitzer Steel
11  Industries, et al.,* No. 15-cv-6031-JSW (the "Related Case") is scheduled for trial next year.

12  On March 22, 2016, Nico Alloys, Inc. Larry Levine, and Denyse MacMillan (collectively
13  "Judgment Creditors") served Wells Fargo with five notices of levy (the "Levies"), as the result of
14  judgment entered against Misle and AMG in favor of Judgment Creditors in Los Angeles County
15  Superior Court. The Levies seek a turnover of "[f]unds held pursuant to an escrow agreement
16  dated 4/20/11 among" Schnitzer, AMG, Misle and Wells Fargo as Escrow Agent. (*Id.*, ¶ 21, Ex.
17  B.) On April 13, 2016, Wells Fargo served five memoranda of garnishee in response to the
18  Levies, which provided that Wells Fargo was not able to deliver the funds because the Judgment
19  Creditors' rights in the funds would not accrue until April 21, 2016 and because the funds were
20  subject to dispute in the Related Case. (*Id.*, ¶21.) Wells Fargo alleges that the Judgment Creditors
21  acknowledged that Wells Fargo cannot release the funds related to the Related Case but that the
22  Judgment Creditors have argued that they are entitled to the balance of funds in the Escrow
23  Account. (*Id.*, ¶22.)

24  On April 29, 2016, Misle sent instructions to Wells Fargo to transfer the remaining balance
25  of funds in the Escrow Account to defendant Cornerstone Nevada, LLC ("Cornerstone"). (*Id.*, ¶
26  23.) Wells Fargo advised Misle that Wells Fargo could not transfer the funds because the funds
27  are subject to conflicting claims by the Judgment Creditors. (*Id.*, ¶ 24.) On June 22, 2016, Wells
28  Fargo filed this interpleader action pursuant to the Escrow Agreement. Misle removed the action

2

1  to this Court based on diversity jurisdiction and related this action to the Related Case shortly
2  thereafter.  Misle, Cornerstone and AMG plan to file a motion for summary judgment on the issue
3  of whether the Levies entitle the Judgment Creditors to priority over competing claims to the
4  escrow funds.  (Dkt. 52.)

5        The parties stipulate to a deadline for initial disclosures of December 30, 2016 and agree
6  that Wells Fargo should not submit initial disclosures in light of Wells Fargo's potential discharge
7  from the case.  (*Id.*)  Schnitzer argues that Wells Fargo is not a party to the cross-claims of
8  Judgment Creditors and thus that the Judgment Creditors have no objection to Schnitzer's
9  recovery of 100% of Wells Fargo's entitlement to escrow funds through the Related Action.  (*Id.*)
10 Therefore, Schnitzer, as well as Misle, AMG and Cornerstone, maintain that discovery in this
11 action should be stayed pending the resolution of the Related Action, at which time the other
12 parties will discover how much is left from the Escrow Account to provide recovery.  In other
13 words, the argument is that there is no reason to conduct discovery if there is "*nothing left for the
14 Misle-claimants and Judgment Creditors to fight over*").  (*Id.*) (emphasis in original)  The
15 Judgment Creditors disagree and  assert that the purpose of the stay is to shield debtors' assets.
16 (*Id.*)  The Judgment Creditors argue that, without discovery, they are unable to evaluate the claims
17 made by the opposition, including any rights Misle or Schnitzer have to the interpleader money.
18 (*Id.*)

19 **ANALYSIS**

20 **A.     Legal Authority**
21       Rule 26 of the Federal Rules of Civil Procedure contains the general provisions governing
22 discovery.  As a rule, a party must make initial disclosures at or within 14 days after the Rule 26(f)
23 conference.  Fed.R.Civ.P. 26(a)(1)(C).  However, upon a showing of good cause, a court "may
24 make any order which justice requires to protect a party or person from annoyance,
25 embarrassment, oppression, or undue burden or expense…."  Fed.R.Civ.P. 26(c)(1).  "The party
26 seeking a stay of discovery carries the heavy burden of making 'a strong showing' why discovery
27 should be denied."  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975); *Gray v.
28 Fiorst Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D.Cal. 1990).

### B.   Recommendation That Discovery Proceed

Here, Schnitzer, Misle, AMG and Cornerstone speculate that that a stay of discovery may spare the Misle claimants and Judgment Creditors from litigating at the risk of being left with an empty Escrow Account after the Related Case concludes.  However, there is no evidence showing that the Related Case will deplete the Escrow Account.  Given the instructions by Misle to transfer the balance of the Escrow Account to Cornerstone, it appears that the opposite may be true.  Thus, the parties seeking the stay have not met their burden.  Further, the Judgment Creditors should not be precluded from gathering discovery to protect their interests, as well as respond to a motion for summary judgment.

Nonetheless, discovery should be limited to the subject of this litigation:  the priorities in entitlements to the Escrow Account funds.  Therefore, the Court RECOMMENDS that discovery proceed on this subject and specifies that the Judgment Creditors are entitled to obtain copies of the Escrow Agreement and the APA.  Finally, Misle, AMG and Cornerstone request that the Court permit the parties to propound up to 75 interrogatories upon the commencement of discovery.  The Court RECOMMENDS that such request be DENIED on the grounds that the parties failed to make a showing that more than the 25 interrogatories permitted under Rule 33 are necessary.

Objection by the parties to the foregoing report and recommendation must be made in compliance with Rule 72 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Dated: December 20, 2016

_____
SALLIE KIM
United States Magistrate Judge