UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD MISLE, et al.,<br><br>Defendants. | Case No. 16-cv-03614-JSW<br><br>**ORDER DENYING MOTION TO STAY; OVERRULING OBJECTIONS TO AND ADOPTING REPORT AND RECOMMENDATION REGARDING JOINT LETTER BRIEF; AND CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 52, 58, 63, 65 |

Now before the Court for consideration are: (1) the Report and Recommendation issued by Magistrate Judge Kim regarding a dispute about whether discovery should be stayed (the "Report"); (2) the objections to the Report filed by Schnitzer Steel Industries, Inc. ("SSI") objections to the Report; and (3) SSI's motion to stay all aspects of this case pending resolution of *Misle v. Schnitzer Steel Industries, Inc.*, No. 15-cv-6031-JSW (the "Related Case").

The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the parties appeared for a hearing on February 17, 2017. For the reasons set forth below, the Court HEREBY DENIES SSI's motion to stay this case in its entirety. The Court HEREBY ADOPTS Judge Kim's recommendation that discovery be limited to the parties' priorities of entitlement to the escrow funds.

**BACKRGOUND**

This is an interprleader action which arises out of a dispute over funds ("Escrow Funds") that had been held in escrow by Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") pursuant to an Escrow Agreement executed by Defendant Howard Misle ("Misle"), Defendant Schnitzer Steel

Industries, Inc. ("SSI"), and Wells Fargo. The Court set forth the background that gave rise to this litigation in its Order denying a motion to dismiss filed by Defendants, Nico Alloy, Inc., Larry Levine and Denyse MacMillan (collectively "Judgment Creditors"), and it shall not repeat those facts here. (*See* Dkt. No. 25.)

On February 15, 2017, the Court granted, in part, the motion for discharge and attorney's fees and costs filed by Wells Fargo. (Dkt. No. 82.) Thus, this case will proceed to the second phase of an interpleader dispute, namely "a determination of the respective rights of the claimants." *Mack v. Kuckenmeister,* 610 F.3d 1010, 1024 (9th Cir. 2010) (internal quotation and citation omitted). The Related Case, which also involves a dispute over the Escrow Funds, currently is set to go to trial on May 8, 2017.

On December 9, 2016, the parties submitted a joint letter brief, in which they raised a dispute about whether discovery in this case should be stayed pending resolution of the Related Case. SSI argued discovery in this case should not proceed until the Related Case is resolved, because it is seeking all or substantially all of the Escrow Funds. Therefore, according to SSI, if it prevails in the Related Case, this case will be moot.

Misle, and Defendant American Metals Group, Inc. and Defendant Cornerstone Nevada, LLC (collectively the "Misle Defendants")[1] also argued that discovery should be stayed until the Related Case is resolved. However, they proposed, in the alternative, that if discovery is not stayed, it should be limited to all parties' priority of entitlement to the Escrow Funds. (Dkt. No. 52, Joint Letter Brief at 2-3.) The Judgment Creditors argued discovery should proceed without limitations. (*Id.* at 3-5.)

On December 20, 2016, Judge Kim issued the Report, in which she recommended that the request to stay be denied but recommended that discovery proceed on the priorities in entitlements to the Escrow Funds. Judge Kim also recommended the Judgment Creditors be provided copies of the Escrow Agreement as well as the Asset Purchase Agreement that is at issue in the Related Case. (Dkt. No. 58, Report at 2:2-16.) The Report also recommends that the Misle Defendant's

---

[1]  The Court refers to the Misle Defendants collectively for the sake of convenience.

2

1  request for 75 interrogatories be denied.  (*Id.*)

2  On December 22, 2016, SSI filed its motion to stay, in which it repeats its argument that
3  because, in its view, it is likely that the Related Case will moot this action, the Court should stay
4  this matter in its entirety.  On January 3, 2017, SSI objected to the Report, and argued the Court
5  should not resolve the Report until it resolved the motion to stay.  (Dkt. No. 65.)

6  The parties in both cases are scheduled to appear for a settlement conference with
7  Magistrate Judge Westmore on February 22, 2017.

## ANALYSIS

### A.  The Court Denies the Motion to Stay the Case.

SSI moves to stay this case in its entirety pending resolution of the Related Case.  The Misle Defendants do not oppose that motion.  The Judgment Creditors do oppose the motion to stay.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "The exertion of this power calls for the exercise of sound discretion."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Landis*, 299 U.S. at 254-55 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.")  The Court considers a number of factors in deciding whether to grant a stay.  *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).  As the moving party, SSI has the burden to show a stay is warranted.  *See, e.g., Clinton v. Jones*, 520 U.S. 681, 708 (1997).

First, the Court considers the "possible damage which may result from granting a stay."  *CMAX*, 300 F.2d at 268.  SSI has taken the position that, in addition to the indemnification claims it submitted, which are the subject of the Related Case, it is entitled to recover attorneys' fees it incurs in that case and in this case.  SSI also contends those fees will come from the Escrow Funds.  Thus, in SSI's view, imposing a stay will prevent further depletion of the Escrow Funds based on litigation in this case.  SSI also argues that the Judgment Creditor's interests are protected by the Related Case, because they have filed a Notice of Judgment Lien in that case.

(*See* SSI Request for Judicial Notice, Ex. 1.)[2]  SSI also argues that the Judgment Creditors would not be harmed if this case is stayed based on Misle's position in the Related Case, which is that SSI is not entitled to any of those funds.

However, the Court also must consider the disputes between the Misle Defendants and the Judgment Creditors.  It is not clear that the Related Case will fully deplete the Escrow Funds.  Further, even if SSI's stake in *this* litigation is minimal, the Court finds the Judgment Creditors would be suffer hardship by a delay in obtaining discovery on the issue of the priorities in entitlement.  Accordingly, the Court finds that this factor weighs against granting a stay of the litigation in its entirety.

The second factor the Court considers is the hardship or inequity which a party may suffer in being required to go forward.  *CMAX*, 300 F.2d at 268.  The fact that SSI and the other parties might be "required to defend a suit, without more, does not constitute a clear case of hardship or iniquity within the meaning of Landis."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (internal quotations and citation omitted).  Apart from being required to defend against this litigation and incurring additional fees, SSI does not articulate any prejudice it would suffer the Court denies the stay.  This factor weighs against staying the case in its entirety.

The third factor the Court considers is "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX*, 300 F.2d at 268.  SSI argues that the Related Case will fully resolve this matter and will be resolved in a matter of months.  In her Report, Judge Kim noted that "there is no evidence showing that the Related Case will deplete the Escrow Account."  (Report at 4:4-5.)  SSI argues that its claim for attorneys' fees in this case and in the Related Case will, in fact, deplete those funds.  (*See, e.g.,* Declaration of Thomas A. Woods, ¶ 6.)  However, that argument presumes SSI will be entitled to recover any and all attorneys' fees it seeks in both this case and the Related Case.  At this point, that issue is not before the Court.

---

[2]  The Court grants SSI's request to take judicial notice of that document, which is a court record and, thus, the proper subject of judicial notice.  *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); Fed. R. Evid. 201.

4

1   The Court finds that this factor also does not weigh against staying the case in its entirety.
2   Therefore the Court DENIES SSI's motion to stay.

**B.   The Court Adopts the Report and Recommendation.**

The Court now turns to SSI's objection to the Report. The only objection SSI raised was that the Court should rule on the motion to stay before it ruled on the Report. It did not provide any substantive objections to Judge Kim's recommendation on the scope of the discovery that may proceed. The Court finds the Report thorough and well-reasoned, and it ADOPTS Judge Kim's recommendations. Therefore, discovery may proceed in this case but it shall be limited to the priorities in entitlements to the Escrow Funds. SSI and Misle shall produce a full copy of the Asset Purchase Agreement and the Escrow Agreement to the Judgment Creditors by no later than March 3, 2017. The Misle Defendants' request that the parties be permitted to propound up to 75 interrogatories upon commencement of discovery is DENIED.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the motion to stay, and it ADOPTS Judge Kim's recommendations regarding discovery. The Court CONTINUES the case management conference in this case, currently set for March 3, 2017, to April 7, 2017 at 11:00 a.m. The parties' joint case management conference statement shall be due on March 31, 2017.

**IT IS SO ORDERED.**

Dated: February 17, 2017

_____
JEFFREY S. WHITE
United States District Judge